NO.
12-06-00263-CR

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

ANDREW CUDE,     §                      APPEAL FROM THE 294TH

APPELLANT

 

V.        §                      JUDICIAL DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE   §                      VAN
ZANDT COUNTY, TEXAS

                                                                                                                                                           


MEMORANDUM OPINION

            Andrew Cude
appeals his conviction for failure to comply with registration requirements,
for which he was sentenced to confinement for twenty months.  In three issues, Appellant contends that the
evidence is neither legally nor factually sufficient to support his conviction
and that the trial court erred in admitting into evidence a document containing
hearsay.  We affirm.

 

Background

            On April 7,
2003 in Van Zandt County, Appellant was found to have committed, as a juvenile,
two acts of indecency with a child.  Appellant was ordered to register as a sex
offender with such registration to remain nonpublic.  Van Zandt County Juvenile Probation Officer
Larry Willis discussed the sex offender registration requirements with
Appellant prior to Appellant’s registering as a sex offender in Van Zandt
County.








            Appellant
later relocated to Smith County and, in July 2005, registered as a sex offender
with the Tyler Police Department.  At
that time, Appellant met with Tyler Police Department Investigator Richard
Stratton, who discussed the sex offender registration requirements with
Appellant.  Stratton testified that he
told Appellant that if he planned to move, he needed to contact Stratton seven
days beforehand.  Stratton further testified
that he told Appellant that if he moved outside of the jurisdiction, he would
be required to register in the new jurisdiction within seven days.

            In October
2005, Appellant moved into a house in Van Zandt County with his girlfriend and
her mother.  On November 21, 2005,
Appellant witnessed an assault.  Edgewood
Police Department Assistant Chief of Police Henry Askew interviewed
Appellant.  During the interview, Askew
obtained Appellant’s address, which he recognized was located in Van Zandt
County.  Upon his return to Van Zandt
County, Appellant had not re-registered as a sex offender.

            Appellant
was charged by indictment with failure to comply with registration
requirements.[1]  At trial, a
jury found Appellant guilty as charged and assessed his punishment at
confinement for twenty months and a two thousand dollar fine.  The trial court sentenced Appellant
accordingly, and this appeal followed. 

 

Evidentiary
Sufficiency

            In his first and second issues,
Appellant argues that the evidence is neither legally nor factually sufficient
to support the trial court’s judgment. 
Specifically, Appellant argues that there is insufficient evidence that
(1) he intentionally, knowingly, or recklessly failed to register with Van
Zandt County and (2) that he had made Van Zandt County his permanent
residence.  

Legal Sufficiency

            Legal sufficiency is the
constitutional minimum required by the Due Process Clause of the Fourteenth
Amendment to sustain a criminal conviction. 
Jackson v. Virginia, 443 U.S. 307, 315-16, 99 S. Ct. 2781,
2786-87, 61 L. Ed. 2d 560 (1979); Escobedo v. State, 6 S.W.3d 1,
6 (Tex. App.–San Antonio 1999, pet. ref’d). 
The standard for reviewing a legal sufficiency challenge is whether any
rational trier of fact could have found the essential elements of the offense
beyond a reasonable doubt.  Jackson,
443 U.S. at 319, 99 S. Ct. at 2789; Johnson v.  State, 871 S.W.2d 183, 186 (Tex.
Crim. App. 1993).  The evidence is
examined in the light most favorable to the jury’s verdict.  Jackson, 443 U.S. at 319, 99 S.
Ct. at 2789; Johnson, 871 S.W.2d at 186.  A successful legal sufficiency challenge will
result in rendition of an acquittal by the reviewing court.  See Tibbs v. Florida, 457 U.S.
31, 41–42, 102 S. Ct. 2211, 2217–18, 72 L. Ed. 2d 652 (1982).

            The
sufficiency of the evidence is measured against the elements of the offense as
defined by a hypothetically correct jury charge.  Malik v. State, 953 S.W.2d 234,
240 (Tex. Crim. App. 1997).  Such a
charge would include one that “accurately sets out the law, is authorized by
the indictment, does not unnecessarily increase the State’s burden of proof or
unnecessarily restrict the State’s theories of liability, and adequately
describes the particular offense for which the defendant was tried.”  Id.

            A
person commits an offense if he is required to register as a sex offender and
fails to comply  with any of the
requirements of Texas Code of Criminal Procedure, article 62.  See
Tex. Code Crim. Proc. Ann. art. 62.102. 
A person required to register must, within seven days of changing his address,
register with the local law enforcement authority in the municipality or county
in which the person’s new residence is located. 
See Tex. Code Crim. Proc.
Ann. art. 62.055(a) (Vernon 2006).

            In
the case at hand, the record reflects that Appellant had previously registered
in both Van Zandt and Smith Counties.  It
therefore follows that Appellant was aware that he was required to register as
a sex offender.  A juvenile probation
officer from Van Zandt County discussed the registration requirements with
Appellant prior to Appellant’s initially registering in Van Zandt County.  Further, Stratton discussed the registration
requirements with Appellant in July 2005, including the requirement that
Appellant re-register if he were to move. 
Jordana Kinzie, Appellant’s girlfriend’s mother, testified that
Appellant moved into her home located at 299 FM 1504, Wills Point, Texas.  Appellant provided a statement to the
Edgewood Police Department in which he listed Kinzie’s home as his
address.  Moreover, Askew testified that
the Wills Point address was located in Van Zandt County, Texas.

            Examining
the aforementioned evidence in the light most favorable to the jury’s verdict,
we conclude that the jury could have determined beyond a reasonable doubt that
Appellant  committed the offense of
failure to comply with registration requirements.  Thus, we hold that the evidence was legally
sufficient to support the trial court’s judgment.  Appellant’s second issue is overruled.

Factual Sufficiency

            Turning
to Appellant’s contention that the evidence is factually insufficient to
support the trial court’s judgment, we must first assume that the evidence is
legally sufficient under the Jackson standard.  See Clewis v. State, 922 S.W.2d
126, 134 (Tex. Crim. App. 1996).  We then
consider all of the evidence weighed by the jury that tends to prove the
existence of the elemental fact in dispute and compare it to the evidence that
tends to disprove that fact.  See
Santellan v. State, 939 S.W.2d 155, 164 (Tex. Crim. App. 1997).  Although we are authorized to disagree with
the jury’s determination, even if probative evidence exists that supports the
verdict, see Clewis, 922 S.W.2d at 133, our evaluation should not
substantially intrude upon the jury’s role as the sole judge of the

weight and credibility of witness
testimony.  Santellan, 939
S.W.2d at 164.  Where there is
conflicting evidence, the jury’s verdict on such matters is generally regarded
as conclusive.  See Van Zandt v.
State, 932 S.W.2d 88, 96 (Tex. App.–El Paso 1996, pet. ref’d).  Ultimately, we must ask whether a neutral
review of all the evidence, both for and against the finding, demonstrates that
the proof of guilt is so obviously weak as to undermine our confidence in the
jury's determination, or the proof of guilt, although adequate if taken alone,
is greatly outweighed by contrary proof. 
Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000); see
also Watson v. State, 204 S.W.3d 404, 417 (Tex. Crim. App.
2006) (Evidence is factually insufficient only when reviewing court objectively
concludes that the great weight and preponderance of the evidence contradicts
the jury’s verdict.).

            In
the instant case, Appellant argues that Kinzie’s testimony was indefinite.  And though Appellant admits that Kinzie
testified that he moved in permanently to the Wills Point address on or about
October 2005, he urges us to consider that Kinzie’s statements were
equivocal.  Specifically, Appellant notes
that Kinzie stated that Appellant “kind of” stayed at her house permanently and
that Appellant had only moved in “some” of his belongings.  

            Nonetheless,
we must consider this evidence in the context of the record as a whole.  As such, we conclude that the jury could have
reasonably found that Appellant moved into the Wills Point address permanently
in October 2005.  See Wesbrook,
29 S.W.3d 103, 111 (Tex. Crim. App. 2000) (generally jury determines weight to
give testimony of a witness and resolution of any conflicts in the evidence); Sharp
v. State, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986) (jury may believe
all, some, or none of a witness’s testimony).

            Our
review of the entirety of the record, with consideration given to all of the
evidence, both for and against the jury’s finding, has not revealed any
evidence that causes us to conclude that the proof of guilt is so obviously
weak or is otherwise so greatly outweighed by contrary proof as to render
Appellant’s conviction clearly wrong or manifestly unjust.  Therefore, we hold that the evidence is
factually sufficient to support the trial court’s judgment.  Appellant’s first issue is overruled.

 

Hearsay
Evidence

            In his third
issue, Appellant argues that the trial court erred in admitting a document
signed by Appellant entitled Pre-Release Notification Form Texas Sex Offender
Registration Program because it contained inadmissible hearsay.

Waiver

            To preserve
a complaint for appellate review, a party must present the complaint to the
trial court by a timely request, objection, or motion that states the grounds
for the ruling that the complaining party seeks from the trial court with
sufficient specificity to make the trial court aware of the complaint.  See Tex.
R. App. P. 33.1.  Rule 33.1
ensures that the trial court had the opportunity to rule on the matter for
which a party later seeks appellate review. 
See In re East Tex. Med. Ctr. Athens, 154 S.W.3d 933, 936
(Tex. App.–Tyler 2005, orig. proceeding). 
For an objection to meet the “sufficient specificity” requirement, the
party must “let the trial judge know what he wants, why he thinks himself
entitled to it, and  . . .  do so clearly enough for the judge to
understand him at a time when the trial court is in a proper position to do
something about it.”  Lankston v.
State, 827 S.W.2d 907, 909 (Tex. Crim. App. 1992).

            During
Stratton’s testimony, the State offered State’s Exhibit 5, the prerelease
notification form signed by Appellant. 
Appellant conducted a voir dire examination of Stratton and at the
conclusion thereof, made the following objection:

 

[Appellant’s Counsel]:  Your Honor, we have several objections.  No. 1, that it’s a copy.  The State has somewhere in its possession, I
would hope, the original.  Second one is,
this witness has admitted that it’s a copy and he cannot testify as to whether
this is a true and accurate copy of the original.  The other objection is that it’s hearsay, and
the other objection is that whether–the State can’t offer a business record of
another agency into evidence.  It may be
a business record, but it’s a copy of something that we don’t know what it is a
copy of, and this witness can’t testify to anything about this document or its
authenticity.  It is merely a copy of
something.

 

 

The trial court sustained Appellant’s objection.

            Canton
Police Department Chief Michael Wayne Echols testified next on the State’s
behalf.  During Echols’s testimony, the
State offered State’s Exhibit 6, the same prerelease notification form signed
by Appellant it had previously offered as State’s Exhibit 5.  Echols testified that the document (1) was
made by a person with personal knowledge of the contents of the document, (2)
was made at or near the time that the events took place, (3) was made in the
regular course of business, and (4) was maintained in the regular course
of business.  Appellant conducted a voir
dire examination of Echols.  In the midst
of his voir dire examination, Appellant made the following objection:  “Again, your Honor, I am going to object to
State’s No. 6 which . . . ”  But instead
of completing his objection, Appellant resumed his voir dire examination.  When Appellant completed his voir dire
examination, he stated, “Same objection, your Honor.”  The trial court overruled Appellant’s
objection, and the following exchange occurred:

 

[Appellant’s Counsel]:  Your–objection again, your Honor.  He said he cannot connect this to anyone and
you’re–

 

                [Trial
Court]:  I believe he testified that the
document was in reference to [Appellant].

 

[Appellant’s Counsel]:  He cannot testify to this document.  I just asked him that.  He says he cannot testify to this to any
living person that it belongs to.  The
whole purpose of this is to have a thumb print, which there is nothing on there
to identify him.  The witness stated he
could not identify this to any living document–any living person, and the Court’s
going to allow this?

 

 

The trial court again overruled Appellant’s objection

            With two
exceptions not applicable here, a party is required to continue to object each
time inadmissible evidence is offered.  See
Martinez v. State, 98 S.W.3d 189, 193 (Tex. Crim. App. 2003).  Here, Appellant’s objection to Exhibit 6 did
not adequately apprise the trial court of his complaint that the document
contained hearsay.  While Appellant
objected to Exhibit 5 during Stratton’s testimony on hearsay grounds, his
argument in that regard was that the document was not created by the Tyler
Police Department.  To the contrary,
Exhibit 6 was offered during Echols’s testimony and was a record of the Canton Police
Department.  Appellant’s objection
concerning Exhibit 6 was that the document could not be conclusively linked to
Appellant because it did not contain Appellant’s thumb print.  Appellant made no objection that Exhibit 6
contained inadmissible hearsay. 
Therefore, the error, if any, of which Appellant now complains was
waived.  See Tex. R. App. P. 33.1.  Appellant’s third issue is overruled.

 

Disposition

            Having
overruled Appellant’s first, second, and third issues, we affirm
the trial court’s judgment.

 

 

                                                                                                    BRIAN HOYLE   

                                                                                                               Justice

 

 

Opinion delivered April 11,
2007.

Panel consisted of Worthen,
C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)











[1]
See Tex. Code Crim. Proc. Ann.
art. 62.102 (Vernon 2006).